**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4936-15T3

C.R.,

    Plaintiff-Respondent,

v.

J.R.,

    Defendant-Appellant.

_____

Submitted October 18, 2017 — Decided November 8, 2017

Before Judges Alvarez and Currier.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FV-20-1234-16.

Hugo Villalobos, attorney for appellant.

Lowenstein Sandler LLP, attorneys for respondent (Michael A. Kaplan, on the brief).

PER CURIAM

Defendant J.R.[1] appeals from a final restraining order (FRO) entered against him. After a review of the record and arguments in light of the applicable legal principles, we affirm.

Plaintiff C.R. applied for and obtained a temporary restraining order (TRO) on the grounds of harassment and assault based upon events that occurred on February 29, 2016.

The trial in this matter spanned over the course of several days. The testimony revealed that the parties were involved in a long-term dating relationship. Although they had broken off their relationship several times through the years, they were still a couple on the date of these events and defendant testified they had plans on the day of the incident to go to city hall to apply for a marriage license.

Plaintiff testified that defendant phoned her at least fifty times and sent her more than fifty text messages on February 29. When she did not answer, defendant drove to her workplace. Plaintiff testified that as she walked out to the parking lot, defendant began yelling at her. She said he grabbed her neck, pulled her hair, and took her purse and jacket. Defendant then dragged her towards his car, while he hit her in the head with his

---

[1] We use initials to refer to the individuals in this case for the purposes of confidentiality and clarity.

fist. She also stated that he threw her to the ground and kicked her. Plaintiff's boss saw what was happening and called the police. Defendant left the scene. Plaintiff testified several times that she was afraid of defendant.

Defendant recounted a different version of events. He testified that he went to pick plaintiff up at her workplace because he wanted to speak with her. He said that plaintiff refused to speak with him and she punched him. Defendant stated that plaintiff continued to hit him, kicked the car, and broke off the side-view mirror, throwing it to the ground. Defendant denied hitting, pushing, or throwing plaintiff to the ground. Both parties described prior incidents when there had been physicality between them.

In an oral decision of June 6, 2016, the trial judge found that plaintiff had satisfied her proofs as to the predicate act of harassment, but not as to assault. He noted the great disparity in the parties' testimony and commented "you both can't cause an assault when you both engage freely into the fight." The judge determined that an FRO was necessary since the parties lived across the street from each other and defendant had continued to harass plaintiff through social media posts after the entry of the TRO.

On appeal, defendant argues that plaintiff did not prove the act of harassment or that she needed the protection of an FRO. He

also contends that the postponement of the trial date to permit plaintiff to amend her complaint violated his rights. We disagree and affirm.

Before entering an FRO, a trial judge must find, by a preponderance of the evidence, that a defendant engaged in conduct that would fit the definition of one or more criminal statutes, including harassment as defined by N.J.S.A. 2C:33-4. Silver v. Silver, 387 N.J. Super. 112, 125-26 (App. Div. 2006). The finding of a predicate act of domestic violence does not "automatically mandate[]" the entry of an FRO, id. at 126-27, as the second prong of the two-step analysis outlined in Silver must also be met, "whether the court should enter a restraining order that provides protection for the victim." Id. at 126.

Our scope of review of the trial judge's factual findings is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). We are generally bound by the trial judge's findings of fact "when supported by adequate, substantial, credible evidence." Id. at 411-12. This is especially true when questions of credibility are involved. Id. at 412.

The trial judge found that both parties were generally straightforward in their respective testimony, although each lacked credibility in certain portions of their stories. He found plaintiff to be "slightly more credible than defendant." In his

review of the phone calls, he stated: "fifty calls . . . on a single day sort of screams harassment when someone's at work." He found there was no purpose to the continuous calls made to plaintiff's cell phone and workplace other than to harass her. We are satisfied that the record fully supports the trial judge's factual findings as to the predicate act of harassment.

We are also satisfied that the judge had a sufficient basis to conclude that an FRO was appropriate and necessary in this case. Given the particular expertise of family part judges, it is not our place to second-guess an exercise of discretion to enter an FRO when supported by "adequate, substantial, credible evidence[,]" as was this decision. Id. at 412.

We find the remainder of defendant's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4936-15T3